UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

THANH VAN DINH,

        Plaintiff,

v.

CAROLYN COLVIN,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 3:15-cv-01588-AA

OPINION AND ORDER

Merrill Schneider
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293
    Attorney for Plaintiff

Billy J. Williams
United States Attorney
Janice E. Hebert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

1 - OPINION AND ORDER

Jordan D. Goddard
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
    Attorneys for Defendant

AIKEN, Chief Judge:

Plaintiff filed suit pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's denial of his application for disability insurance benefits (DIB). Plaintiff argues that the case should be remanded for an award of benefits, or, alternatively, for further proceedings and vocational testimony. The decision of the Commissioner is reversed and remanded for further administrative proceedings.

## BACKGROUND

On January 9, 2012, plaintiff protectively filed an application for DIB, alleging disability beginning August 1, 2011. Tr. 16. His application was denied initially and on reconsideration. On January 2, 2014, plaintiff and a vocational expert (VE) appeared and testified before an Administrative Law Judge (ALJ). Tr. 31-46. On January 16, 2014, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 13-30. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision as the final decision of the Commissioner. Tr. 1-6. Plaintiff now seeks judicial review.

At the time of the ALJ's decision, plaintiff was fifty-two years old with a high school education and past relevant work as an auto mechanic and an order filler. Tr. 24. He alleges disability since August 1, 2011, due to chronic obstructive pulmonary disease, heart disease, kidney problems, and diabetes. Tr. 134.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## COMMISSIONER'S DECISION

The Commissioner evaluated plaintiff's allegation of disability pursuant to the required five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)-(g).

At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the alleged onset date of disability. Tr. 18; 20 C.F.R. § 404.1520(b).

At steps two and three, the ALJ found that plaintiff has severe impairments of chronic obstructive pulmonary disease, ischemic heart disease, and diabetes, but that plaintiff's impairments did not meet or equal the severity of a listed impairment which is "considered severe enough to prevent a person from doing any gainful activity." Tr. 18; 20 C.F.R. § 404.1520(c),(d).

The ALJ then assessed plaintiff's residual functional capacity (RFC) and found that plaintiff could perform light work, except that he could stand and walk for a total of three hours a day, could not climb ladders, ropes, or scaffolds, could climb ramps and stairs less than occasionally, and should avoid exposure to noxious fumes. Tr. 19; 20 C.F.R. § 404.1520(e). Based on these findings, at step four, the ALJ found that plaintiff could not perform his past relevant work. Tr. 24; 20 C.F.R. § 404.1520(f).

The ALJ proceeded to step five, where the burden of proof shifts to the Commissioner to demonstrate that the claimant is able to perform work that exists in the national economy, after taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Relying on the testimony of the VE, the ALJ found that plaintiff could perform other work as an electronics worker and small products assembler. Tr. 25-26. Accordingly, the ALJ found plaintiff not disabled under the Act.

## DISCUSSION

Plaintiff argues that the ALJ erred by rejecting the opinion of Dr. Ellison, an examining physician, without providing legally sufficient reasons to do so.

On November 2, 2013, Dr. Ellison examined plaintiff and completed a functional assessment. Dr. Ellison diagnosed chronic obstructive pulmonary disease; coronary artery disease, status post five coronary artery bypasses in 2003; Type 2 diabetes mellitus, not perfectly controlled; abnormal liver, possibly nodular; and chronic depression caused by "his inability to work and the resulting apparent conflict with his wife." Tr. 330. Dr. Ellison opined that plaintiff could lift up to 20 pounds occasionally and 10 pounds frequently, carry up to 10 pounds occasionally, sit for 4 hours at a time for a total of 8 hours in a workday, stand for 30 minutes at

4 - OPINION AND ORDER

a time for a total of 2 hours in a workday, and walk for 10 minutes at a time for a total of 1 hour in a workday. Tr. 331-32. Dr. Ellison also found that plaintiff had some restrictions in reaching, feeling, handling, pushing and pulling, and in postural activities such as stooping and crouching. Tr. 333-34.

In finding plaintiff not disabled, the ALJ found that plaintiff retained the RFC to perform light work, "except the claimant is limited to standing and walking about three hours a day. He can sit without limitation. He cannot climb ladders, ropes, and scaffolds. He can less than occasionally climb ramps and stairs. He should avoid exposure to noxious fumes." Tr. 19. In making this RFC assessment, the ALJ omitted several limitations noted by Dr. Ellison. The ALJ stated:

> Dr. Ellison examined [plaintiff] and proffered an opinion that is generally objective medical evidence. While the residual functional capacity found in this decision incorporates elements of Dr. Ellison's assessment, the undersigned finds that the longitudinal record does not support all of the limitations proposed by Dr. Ellison, such as the many manipulative, postural, and environmental limitations included in his medical source statement. Accordingly, his opinion receives partial weight.

Tr. 23. Plaintiff argues that the ALJ erred by failing to provide specific and legitimate reasons to reject the reaching, manipulative, and postural limitations found by Dr. Ellison. I agree.

Notably, the ALJ did not explain why he rejected Dr. Ellison's opinion regarding a sit/stand option or the noted manipulative, postural, and reaching limitations, and the ALJ did not explain what part of the longitudinal record did not support the findings of Dr. Ellison. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (the ALJ must provide either "clear and convincing" or "specific and legitimate" reasons to reject the opinion of a treating or examining physician). Though the ALJ recited plaintiff's medical history, Tr. 19-22, he did not identify the

5 - OPINION AND ORDER

specific evidence that contradicted Dr. Ellison's opinion or make any other factual findings. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) ("the ALJ still has a duty to make the requisite factual findings to support his conclusion"). In response to plaintiff's argument, the Commissioner provides several reasons to support the ALJ's rejection of Dr. Ellison's opinion. Def.'s Br. 6-8. However, in these circumstances I decline to rely on the Commissioner's post hoc rationalization to affirm the ALJ's decision; it is the role of the ALJ, not this court, to make such findings. *Pinto*, 249 F.3d at 847 ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (the court is "constrained to review the reasons the ALJ asserts"). Therefore, I find that the ALJ failed to provide specific and legitimate reasons to discount the opinion of Dr. Ellison.

Plaintiff also argues that the ALJ mischaracterized plaintiff's RFC as consistent with light work, even though he cannot perform the full range of light work. For example, as noted above, the ALJ found that plaintiff can stand and walk for a total of three hours in an eight-hour day. Tr. 19. Light work requires standing and walking for a total of six hours in an eight-hour workday, while sedentary work involves standing and walking for no more than a total of two hours. SSR 83-10, 1983 WL 31251, at *5-6; 20 C.F.R. § 404.1567. Thus, plaintiff argues that his RFC is more closely aligned with sedentary work. Plaintiff further maintains that if his RFC is limited to sedentary work and he does not have transferable skills,[1] he is presumptively disabled under the Medical-Vocational Guidelines (the grids). *See* 20 C.F.R. Part 404, Subpt. P, App. 2, § 201.10; *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989) ("where application of the grids directs

---

[1] Plaintiff emphasizes that the vocational expert erroneously testified that plaintiff's skills were transferrable to the jobs identified at step five.

6 - OPINION AND ORDER

a finding of disability, that finding must be accepted"). In fact, the ALJ remarked that plaintiff "would grid at sedentary." Tr. 45.

Nonetheless, as noted by the Commissioner, the grids are not dispositive when a claimant's exertional limitations fall between exertional levels. In such situations, an ALJ should obtain vocational testimony, as the ALJ did in this case. *See* SSR 83-12, 1983 WL 31253, at *3 (in situations where the grids "direct different conclusions, and the individual's exertional limitations are somewhere 'in the middle'... [of] exertional ranges of work, more difficult judgments are involved ... [and vocational] assistance is advisable"). Thus, I cannot find that the ALJ erred by relying on the VE's testimony when plaintiff's assessed exertional limitations fall between sedentary and light. At the same time, if the limitations noted by Dr. Ellison were accepted, plaintiff's exertional capacity could be considered sufficiently close to sedentary to justify a finding of disabled under the grids. *Id.* at *2.

In light of the limitations found by Dr. Ellison and the nature of plaintiff's exertional capacity, outstanding issues remain and it is unclear from the record whether plaintiff is disabled within the meaning of the Act. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Accordingly, remand for additional proceedings is warranted. *Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009). On remand, the ALJ shall review Dr. Ellison's opinion, develop the record as necessary, assess whether plaintiff's exertional limitations are more consistent with sedentary work, and reevaluate plaintiff's ability to perform other work.

## CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is

REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 9 day of August, 2016.

*Ann Aiken*
Ann Aiken
United States District Judge

8 - OPINION AND ORDER